## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

**ELISIA LIMITED PARTNERSHIP, LLLP,**

  **Plaintiff,**　　　　　　　　　　**Civil No. 1:23-cv-01114-JFR-SCY**
　　　　　　　　　　　　　　　　　　**Judge: John F. Robbenhaar**
**vs.**


**INTERSTATE FIRE & CASUALTY COMPANY,
INC.**, a foreign corporation**; THE CINCINNATI
INSURANCE COMPANY**, a foreign corporation;
and **CNA INSURANCE,** a foreign corporation.


## DEFENDANT THE CINCINNATI INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

  Defendant, The Cincinnati Insurance Company ("CIC"), by and through counsel, hereby responds to Plaintiff's Complaint for Breach of Contract, Violations of The Insurance Practices Act, Breach of The Covenant of Good Faith and Fair Dealing, and for Declaratory Judgment as follows:

### Parties, Jurisdiction and Venue

  1. CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 1, and therefore denies them.

  2. CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 2, and therefore denies them.

  3. CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 3, and therefore denies them.

  4. CIC is an Ohio Corporation that transacts business in New Mexico. CIC denies all remaining allegations in ¶ 4.

5.      CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 5, and therefore denies them.

6.      CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 6, and therefore denies them.

### Nature of Case

7.      CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 7, and therefore denies them.

8.      CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 8, and therefore denies them.

9.      CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 9, and therefore denies them.

10.      CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 10, and therefore denies them.

11.      CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 11, and therefore denies them.

12.      CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 12, and therefore denies them.

13.      CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 13, and therefore denies them.

14.      CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 14, and therefore denies them.

**The Policies**

15.    CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 15, and therefore denies them.

16.    CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 16, and therefore denies them.

17.    CIC admits that it issued Policy No. EPP 039 50 67 and such policy speaks for itself, and denies remaining allegations contained in ¶ 17.

18.    CIC admits that it issued Policy No. EPP 039 50 67 and such policy speaks for itself, and denies remaining allegations contained in ¶ 18.

**Facts Common to All Counts**

19.    CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 19, and therefore denies them.

20.    CIC admits that it acknowledged Plaintiff's notice of claim on September 22, 2023. CIC denies remaining allegations contained in ¶ 20.

21.    CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 21, and therefore denies them.

22.    CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 22, and therefore denies them.

23.    Deny.

**COUNT I**

**Breach of Contract – All Insurers**

24.    CIC incorporates paragraphs 1 through 24 by reference as if fully set forth herein.

3

25.     CIC admits that it issued Policy No. EPP 039 50 67 and such policy speaks for itself, and denies remaining allegations contained in ¶ 25.

26.     CIC admits that it issued Policy No. EPP 039 50 67 and such policy speaks for itself.  CIC denies remaining allegations contained in ¶ 26.

27.     CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶27, and therefore denies them.

28.     Deny.

29.     CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶29, and therefore denies them.

30.     Deny.

## COUNT II

## Unfair Insurance Practices – All Insurers

31.     CIC incorporates paragraphs 1 through 31 by reference as if fully set forth herein.

32.     Deny.

33.     Deny.

34.     CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶34, and therefore denies them.

35.     Deny.

36.     Deny.

37.     Deny.

38.     Deny.

39.     Deny.

40.     Deny.

4

41.    Deny.

## COUNT III

42.    CIC incorporates paragraphs 1 through 42 by reference as if fully set forth.

43.    Deny.

44.    Deny.

45.    Deny.

46.    Deny.

47.    Deny.

48.    Deny.

49.    Deny.

### Breach of Covenant of Good Faith and Fair Dealing – All Insurers

50.    CIC incorporates paragraphs 1 through 50 by reference as if fully set forth.

51.    Deny.

52.    Deny.

CIC denies allegations in Plaintiff's complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Coverage is barred by the pollutant exclusion.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint does not state a claim upon which relief can be granted and should therefore be dismissed.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has brought frivolous claims under the New Mexico Unfair Practices Act, and/or Unfair Insurance Practices Act and CIC should be entitled to attorneys' fees incurred in the defense of such frivolous claims.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrine of waiver, acquiescence/ratification, laches, unclean hands, and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

None of the alleged acts or omissions by CIC are a proximate cause of any damages sustained by Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff failed to mitigate its damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any real or actual damages as a result of any alleged acts or omissions of CIC.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because CIC's actions or omissions were in good faith, were lawful, and did not violate any provisions of state or federal law.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because CIC's actions and omissions were proper under the terms of the applicable insurance contract.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata and collateral estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff, Elisa Limited Partnership LLLP, is not an insured under the CIC policy, and therefore, its claims are barred.

## TWELFTH AFFIRMATIVE DEFENSE

The letter referenced in plaintiff's complaint issued by the New Mexico Environmental Department, dated April 14, 2021, was sent to Elisia LLC, not plaintiff Elisia Limited Partnership LLLP. Plaintiff's claims are barred as neither Elisia LLC nor Elisia Limited Partnership LLLP are insured under the CIC policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and recoverable damages are subject to limitation and/or reduction by the express coverage language of the policy.

## FOURTEENTH AFFIRMATIVE DEFENSE

No award of punitive damages may be constitutionally or lawfully assessed against it because any such award would violate the due process clauses of the Fifth and Fourteenth Amendments, and the New Mexico Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of economic loss.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff had a duty to request and review the policy to assure that the policy provided the protections and coverages that Plaintiff desired.  CIC had the right to rely upon Plaintiff's ability to review the policy and upon Plaintiff's failure to inform CIC if the policy was not what Plaintiff desired at the time the insurance was contracted for.

## SEVENTEENTH AFFIRMATIVE DEFENSE

CIC relies on each and every term or condition of the policy that it issued, whether or not set forth herein.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff failed to perform its obligations under the Policy.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff does not seek relief for damages or losses covered by the Policy.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the exclusion for Expected or Intended Injury in the policy.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent coverage is excluded by express provisions of law or public policy.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that conditions precedent and subsequent to the availability of insurance coverage under the Policy have not been satisfied.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent Plaintiff cannot satisfy the insuring agreement.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the events giving rise to the claims made against CIC were known prior to the policy periods and, therefore, constitute a known loss.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that it is determined that Plaintiff misrepresented or failed to disclose material facts on the insurance applications, there is no coverage under the policies.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting any claim under the policies to the extent the policies have been rescinded, canceled, surrendered and are null and void, as if the policies had never been in effect.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to serve and/or join all necessary and/or indispensable parties to this action.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent any claimed loss arise from actions, omissions, or other conduct of the insured(s) under the policies that is or was in violation of federal, state, and/or local law, statutes, regulations, or public policy.

## TWENTY NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent its liability stems from property damage that did not take place during the policy periods of the policies.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent some or all of the claims or matters do not arise from "property damage" as that term is used and/or defined in the policies.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent there is coverage under other insurance.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

There may be no actual, justiciable case or controversy between CIC and Plaintiff.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has impaired or prejudiced any right to subrogation, indemnification, or contribution that CIC has or may have had.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for coverage are precluded or reduced to the extent the limits of liability of the Policies have been exhausted or impaired.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

The coverage obligations, if any, of the policies are limited by the limits of liability stated in the policies, including the occurrence limits and/or applicable aggregate limits.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

There is no coverage for defense costs that are incurred without CIC's consent.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

There is no coverage for punitive damages to the extent it is against public policy.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

There is no coverage for punitive damages that are awarded based on conduct that did not take place during the policy periods and/or that were not awarded during the policy periods.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by policy language expressly excluding such claims from the policy.

## FORTIETH AFFIRMATIVE DEFENSE

The Complaint contains insufficient information to permit CIC to raise all appropriate defenses and, therefore, CIC reserves the right to assert additional affirmative defense.

## <u>RESERVATION OF RIGHTS</u>

CIC retains the right to assert any additional defenses that they learn of through discovery, and further reserve the right to adopt and assert any defense raised or asserted by any other defendant to this action.

**WHEREFORE**, having fully answered Plaintiff's Complaint, CIC demands that the same be dismissed with prejudice and on the merits; or in the alternative, that CIC be awarded a judgment in its favor and against Plaintiff of no cause of action, awarded its attorney fees and costs incurred herein, and such other and further relief as the Court deems just and equitable.

DATED: January 2, 2024.

Respectfully submitted,

*/s/ Vincent J. Velardo*
Vincent J. Velardo (152174)
LITCHFIELD CAVO LLP
2455 E. Parleys Way, Suite 320
Salt Lake City, UT 84109
Ph: 801.410.4982
velardo@litchfieldcavo.com
*Attorney for Defendant The Cincinnati Insurance Company*

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above pleading was served on the  2nd

day of January, 2024, on all counsel of record, by electronic notification in accordance with the

New Mexico Rules of Civil Procedure.

> Thomas M. Hnasko,
> Lisa G. Zammiello
> HINKLE SHANOR LLP
> PO Box 2068
> Santa Fe, NM 87504-2068
> (505) 982-4554
> THnasko@hinklelawfirm.com
> LZammiello@hinklelawfirm.com

> _/s/ Vincent J. Velardo_
> Vincent J. Velardo

12