IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELISIA LIMITED PARTNERSHIP, LLLP,

    Plaintiff,

vs.                                              Civ. No. 23-1114 JFR/SCY

INTERSTATE FIRE & CASUALTY COMPANY,
INC., a foreign corporation; THE CINCINNATI
INSURANCE COMPANY, a foreign corporation;
and CNA INSURANCE, a foreign corporation,

    Defendants.

## ORDER TO FILE RULE 7.1 NOTICE AND AMEND NOTICE OF REMOVAL

This matter comes before the Court sua sponte, following its review of the Notice of Removal, filed by The Cincinnati Insurance Company on December 18, 2024. Doc. 1. Defendant removed this action to federal court citing diversity jurisdiction. *Id.* ¶ 1. The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court. *See* 28 U.S.C. § 1441(a), (b). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).

A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c). A non-incorporated entity, on the other hand, is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (the standard requiring determination of citizenship of all members applies to any "non-corporate artificial entity"). A limited partnership is a citizen of each and every state in which any member is a citizen. *See Penteco Corp., Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1522-23 (10th Cir. 1991); *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905-06 (10th Cir. 2015). Here, the Notice of Removal and the Complaint state that Plaintiff Elisia Limited Partnership, LLLP is a "a domestic New Mexico limited partnership." Doc. 1 ¶ 7; Compl. ¶ 1. Neither contains any information about the citizenship of the members of the limited partnership.

The Court notes that Federal Rule of Civil Procedure 7.1 requires a party to file a disclosure statement as to its own citizenship. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court."); *see also id.* Committee Notes - 2022 Amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction, but is designed to facilitate an early and accurate determination of jurisdiction.").

In keeping with this intent, the Court orders Plaintiff to file a Rule 7.1 notice within 14 days of the date of this Order. The Court will then give the removing Defendant the opportunity

to file an amended notice of removal to allege facts necessary to sustain diversity jurisdiction. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

**IT IS HEREBY ORDERED** that Plaintiff file a disclosure statement that fully complies with Rule 7.1(a)(2) no later than January 17, 2024.

**IT IS HEREBY ORDERED** that Defendant amend the Notice of Removal to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than January 31, 2024.

**IT IS FURTHER ORDERED** that if such an amended notice of removal is not filed by January 31, 2024, the Court may remand this action back to state district court without further notice.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE